## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Gerald J. Breckner et al.

v.

Ralph R. Hallen et al.

July 27, 1992

Case No. C-92–195

BY JUDGE WILLIAM H. LEDBETTER, JR.

This opinion letter addresses the demurrer filed by the defendants and argued on July 20, 1992. For the reasons explained, the demurrer will be overruled.

According to well-settled principles, when considering a demurrer, the court assumes that the facts alleged in the bill of complaint and all reasonable inferences to be drawn from them are true. Thus, the facts of the case are recited by reference to the plaintiff's pleading.

On April 8, 1989, the defendants entered into a contract to sell a lot in Lake Wilderness Subdivision to Stonewall Estates, Inc. Stonewall assigned its interest in the contract to the plaintiffs. The defendants then conveyed the lot to the plaintiffs. In the deed, recorded on February 13, 1990, the lot was described by reference to a plat. That plat shows the lot as containing 20,415 square feet. The lot fronts on MacFadden Drive. The rear line is adjacent to Lee Lake.

Later, when the plaintiffs began construction of a residence on the lot, they discovered that the depth of the property is less than that described in the plat referred to in their deed, so that the lot actually contains only 16,551 square feet. Because of that 4,000 square foot difference, "it is impossible" for the plaintiffs to construct a house for their family on the lot without being in violation of certain County codes and the setback restrictions of the subdivision. The property owners' association of Lake Wilderness has rejected the plaintiffs' application for a variance.

The plaintiffs contend that the significant disparity between the quantity of land described in the deed and the quantity of land actually conveyed to them by the defendant is the result of a "mutual mistake that is material to the transaction and affects the very substance" of the transaction. Consequently, they seek rescission of the deed.

The defendants' first ground in the demurrer alleges laches. The second ground alleges something similar, i.e., that the plaintiffs acquiesced in the disparity by failing to void the contract and in proceeding with closing. The bill does not show laches. Although the deed is dated november 24, 1989, closing was not until several months later, and the property was not resurveyed for construction purposes until April 22, 1991. There is nothing in the pleading to indicate that the plaintiffs were derelict in discovering the mistake or that the defendants have changed their positions to their detriment because of the lapse of time. Further, the plaintiffs' claim is not barred merely because they closed on the sale, accepted the deed (which misdescribes the quantum of land conveyed) and waited more than a year to build on the lot.

The third ground in the demurrer contends that the plaintiffs, as assignees, cannot assert the claim because the original parties to the contract are not claiming mistake. The short answer is that the plaintiffs seek rescission of their *deed*, not the predecessor contract. They are grantees in the deed; the defendants are the grantors.

Next, the defendants allege that a deficiency in the quantity of land sold is not a matter of substance that can give rise to rescission. The law is to the contrary. *See* 16 M.J., *Rescission, Cancellation and Reformation* § 11. *Ordinarily*, a deficiency in the quantity of land sold is not deemed to be a matter of substance, but if the deficiency is material, rescission will lie. *See, e.g., Wilson v. McConnell*, 77 S.E. 540 (W. Va. 1913), involving dimensions of a lot and cited in 16 M.J. *supra. Also see*, 23 Am. Jur. 2d, *Deeds* § 214.

Fifth, the defendants contend that the claim is barred by the doctrine of merger. "We have repeatedly utilized the mutual mistake rule in connection with cases involving excesses or deficiencies in acreage." *Branton v. Jones*, 222 Va. 305 (1981). This would not be so if in every instance the acceptance of a deed waives claims of mutual mistake in the conveyance. In fact, it is the description of the property contained in the *deed*, not in the contract, that the plaintiffs contend is a mutual mistake.

Finally, the defendants say that the plaintiffs had the opportunity to protect themselves by "determining the status of the property" prior to closing. That would have required the plaintiffs to have the lot resurveyed prior to closing. "Lack of diligence" is a circumstance to be considered in determining whether rescission will be granted in cases of mutual mistake. *See* 13A M.J. *Mistake and Accident* § 11. However, that is a factual question that must be resolved by reference to the evidence. Also, a failure to take advantage of opportunities to discover a mistake is or can be, depending on the evidence, an appropriate aspect of the defense of laches. Nonetheless, that issue, too, must be determined by reference to the proof, not the pleadings.

For these reasons, the demurrer will be overruled, and the defendants may file their responsive pleading within twenty-one days of the date of the order.